UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHICAGO INSURANCE COMPANY )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>THE HILLS INSURANCE COMPANY, INC., )<br>    Defendant. ) | CAUSE NO.: 2:07-CV-106-JVB-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel [DE 24], filed by the Plaintiff, Chicago Insurance Company ("CIC"), on February 19, 2008. With its Motion to Compel, CIC included a Certification pursuant to Rule 37.1 of the Local Rules of the United States District Court for the Northern District of Indiana. The Defendant, The Hills Insurance Company, Inc. ("Hills"), filed a response in opposition to the Motion to Compel on March 5, 2008, and CIC filed a reply on March 14, 2008.

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 5, 2007, CIC filed its Complaint in this matter against Hills. CIC seeks to obtain a declaratory judgment that Hills is obligated to defend and indemnify four pharmacists ("the pharmacists") on a pro-rata basis with CIC. The pharmacists are each insured under a professional liability policy issued by CIC. The pharmacists are also insured under a "Comprehensive General Liability Hospital Professional Policy" issued by Hills to St. Anthony Medical Center ("St. Anthony"), the hospital that employed the pharmacists.

CIC is presently providing the pharmacists with a defense against a malpractice lawsuit in Indiana state court. The plaintiff in the state court lawsuit, George Geras ("Geras"), also asserted a

malpractice claim against St. Anthony, which he and St. Anthony settled before he filed his state lawsuit against the pharmacists. Pursuant to his settlement with St. Anthony, Geras received $250,000.00 from Hills, the statutory maximum under Indiana's Medical Malpractice Act, Ind. Code § 34-18-1-1 et seq., for medical malpractice claims against health care providers. In exchange, Geras signed a release and relinquished his potential claims against St. Anthony. In an addendum to the settlement, Geras agreed not to seek damages as to any judgment he may eventually obtain against the pharmacists from their personal assets. Geras further agreed to pursue collection of any judgment against the pharmacists from CIC, and not from Hills.

Each of the pharmacists has tendered claims for defense of the Geras lawsuit to Hills. Hills has denied all claims for defense and refused to indemnify the pharmacists. Hills claims that its settlement of the claims against St. Anthony for the maximum liability allowed exhausts its liability as to other insureds under the insurance policy. Also, Hills relies on Geras' agreement that he will limit his recovery against the pharmacists to proceeds available under the applicable CIC policies.

On July 18, 2007, CIC served its First Set of Interrogatories ("Interrogatories") and First Requests for Production ("Requests for Production") on Hills. On October 1, 2007, Hills served its answers and responses to discovery on CIC. Hills did not substantively respond to a number of the Interrogatories and Requests for Production, instead asserting that the discovery requests are irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence. Following Hills' production, the parties corresponded numerous times in an effort to resolve the discovery dispute. The parties' negotiations included a phone call between counsel for CIC and Hills on December 21, 2007, which lasted approximately 45 minutes. The parties' efforts have proven unsuccessful and their discovery dispute is now before the Court.

**ANALYSIS**

District courts have broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir.2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir.1993)). Rule 26 of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *See id.*

In its Motion, CIC contends that Hills failed to adequately respond to nine Interrogatories and seven Requests for Production. The discovery that CIC seeks to compel broadly concerns (1) all communications that Hills had regarding insurance coverage for the pharmacists relative to the Geras claim against St. Anthony; and (2) all communications that Hills had regarding the pharmacists and the settlement agreement.

CIC first attempts to show that the information it seeks to compel is relevant to the lawsuit. This matter concerns whether Hills has a duty to share in the costs of defending and potentially indemnifying the pharmacists against Geras' state court lawsuit for malpractice. The communications that CIC seeks to discover pertain to a settlement that Hills reached with Geras as to St. Anthony's liability, and whether the pharmacists' insurance through Hills impacted the settlement agreement. The settlement involved the same alleged act of malpractice now being litigated in the underlying state lawsuit against the pharmacists. Hills itself has asserted the terms of the settlement agreement as a reason that it has no duty to defend the pharmacists. Further, In the Report of Parties' Planning Meeting, filed jointly by the parties on May 31, 2007, the parties stated, "Discovery will be needed on

3

the following subjects: . . . all issues relevant to the negotiations involving and interpretation of the settlement agreement between Defendant and the claimant in the Underlying Action[.]" Report of Parties' Planning Meeting, at p. 1 (May 31, 2007). Due to the common facts involved in the settlement and the underlying state lawsuit, the Court finds that information concerning the pharmacists' and other parties' participation in the settlement talks, and negotiations regarding the implication of settlement on the terms of the relevant Hills insurance policy, is relevant to the instant litigation.

Despite the relevance of the material that CIC seeks to discover, Hills submits three arguments in opposition to CIC's request for compelled discovery.[1] First, Hills argues that communications between and among Hills through its counsel, St. Anthony through its counsel, and the pharmacists, are protected by the attorney-client privilege. The specific communications to which Hills refers involved Hills' counsel; Robert Corbin, who is St. Anthony's Vice President and General Counsel; and the pharmacists. In Indiana, the attorney-client privilege "applies to all communications between the client and his attorney for the purpose of obtaining professional legal advice or aid regarding the client's rights and liabilities." *Penn Cent. Corp. v. Buchanan*, 712 N.E.2d 508, 515, (Ind. Ct. App. 1999). "[I]nformation subject to the attorney-client privilege retains its privileged character until the client has consented to its disclosure." *In re Witham Memorial Hosp.*, 706 N.E.2d 1087, 1092 (Ind. Ct. App. 1999) (citing *Mayberry v. State*, 670 N.E.2d 1262, 1267 (Ind. 1996)).

Here, several of CIC's Interrogatories do not infringe on the attorney-client privilege. Interrogatory No. 6, for example, asks Hills to "[d]escribe all communications exchanged between you and [CIC] relating to insurance coverage relative to the Geras Claim." This request involves communications between two insurance companies and thus the information sought is not

---

[1] Hills offers no law in support of its arguments.

4

privileged.  In addition, Interrogatories Nos. $10^2$ and $11^3$ do not involve attorney-client communications.  Also, Requests for Production Nos. $4,^4$ $5,^5$ and $10^6$ do not foreseeably involve attorney-client communications.  CIC's Motion to Compel is granted with respect to the information sought by Interrogatories Nos. 6, 10, and 11, and Requests for Production Nos. 4, 5, and 10.

The remaining Interrogatories and Requests for Production seek to discover information that may implicate the attorney-client privilege.  For example, Interrogatory No. 5 requests that Hills "[d]escribe all communications between you and the pharmacists (including anyone acting on their behalf) relating to insurance coverage relative to the Geras Claim."  Plainly, this Interrogatory could encompass communications between St. Anthony's attorney, Hills' attorney, and the pharmacists, who as employees of St. Anthony, may have communicated in a client capacity.  Interrogatories

---

[2]Interrogatory No. 10 asks Hills to "[d]escribe all communications between you and [CIC] (including anyone acting on its behalf) relating to the Settlement Agreement . . ." Mot. to Compel, Ex. E, at 3.

[3]Interrogatory No. 11 asks Hills to "[d]escribe all communications between you and George Geras (including anyone acting on his behalf) relating to the Settlement Agreement . . ." *Id.*

[4]Request for Production No. 4 asks Hills to produce "[a]ny and all documents relating to communications with [CIC] relative to the Settlement Agreement." *Id.* at 5.

[5]Request for Production No. 5 asks Hills to produce "[a]ny and all documents relating to communications with George Geras relative to the Settlement Agreement." *Id.*

[6]Request for Production No. 10 asks Hills to produce "[a]ny and all documents relating to communications with George Geras concerning insurance coverage for the pharmacists relative to the Geras Claim." *Id.*

5

Nos. 7,[7] 8,[8] 9,[9] 12,[10] and 14[11] and Requests for Production Nos. 3,[12] 6,[13] 9,[14] and 11[15] all seek information that may be protected by the attorney-client privilege.  To the extent that the Interrogatories and Requests for Production ask for communications between St. Anthony employees or agents and a St. Anthony or Hills attorney in an attorney-client capacity, the Court denies CIC's Motion because that information is privileged.  The Court also denies CIC's Motion to the extent that the Interrogatories and Requests for Production ask for communications or documents that constitute attorney work-product, which is also privileged.  Subject to the arguments analyzed below, all other communications are discoverable.

CIC further argues that Hills waived its right to assert the attorney-client privilege because in answering Interrogatory No. 14, it partially addressed what the pharmacists were told regarding the

---

[7]Interrogatory No. 7 asks Hills to "[d]escribe all communications between you and [St. Anthony] relating to insurance coverage for the pharmacists relative to the Geras Claim . . ." *Id.* at 2.

[8]Interrogatory No. 8 asks Hills to "[d]escribe all communications which discuss, relate, or in any way involve insurance coverage for the pharmacists relating to the Geras Claim . . ." *Id.* at 2.

[9]Interrogatory No. 9 asks Hills to "[d]escribe all communications between you and the pharmacists (including anyone acting on their behalf) relating to the Settlement Agreement . . ." *Id.* at 2

[10]Interrogatory No. 12 asks Hills to "[d]escribe all communications between you and [St. Anthony] relating to the Settlement Agreement . . ." *Id.* at 3.

[11]Interrogatory No. 14 asks Hills whether "any of the pharmacists consent[ed] to the terms of the Settlement Agreement? . . ." *Id.* at 4.

[12]Request for Production No. 3 asks Hills to produce "[a]ny and all documents relating to communications with the pharmacists (and/or anyone acting on their behalf) relative to the Settlement Agreement." *Id.* at 5.

[13]Request for Production No. 6 asks Hills to produce "[a]ny and all documents relating to communications with [St. Anthony's] relative to the Settlement Agreement." *Id.* at 6.

[14]Request for Production No. 9 asks Hills to produce "[a]ny and all documents relating to communications with the pharmacists (and/or anyone acting on their behalf) concerning insurance coverage relative to the Geras Claim." *Id.* at 6.

[15]Request for Production No. 11 asks Hills to produce "[a]ny and all documents relating to communications with [St. Anthony's] concerning insurance coverage for the pharmacists relative to the Geras Claim." *Id.* at 7.

settlement agreement. Hills disagrees and contends that it preserved its attorney-client privilege objection. The disputed answer to Interrogatory No. 14 states in full:

> Objection. The Hills objects to this interrogatory to the extent that it seeks information which is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, outside the scope of Federal Rule of Civil Procedure 26(B). The Hills further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work-product privilege. Subject to and without waiving this objection, the Hills answers that the Hills policy does not require the pharmacists' consent, nor did the Hills seek formal, written consent from them. However the pharmacists were fully informed of the settlement discussions, the settlement Agreement and the Addendum by St. Anthony medical center.

Mot. to Compel, Ex. E, at 4. CIC argues that the final sentence of Hills' response destroys attorney-client privilege by revealing a protected communication to a third party. However, Hills' response discloses only that the pharmacists were informed. The response does not disclose the confidential contents of any communications between Hills' legal counsel and the pharmacists. Hills' response also does not directly answer the Interrogatory offered by CIC, which asks whether any of the pharmacists consented to the settlement agreement. Hills does not disclose whether any of the pharmacists consented, or if they did consent, in what manner they consented. In addition, Hills' response states that it does not intend to waive any objection under the attorney-client privilege. Thus, the Court finds that Hills has not waived its objection under the attorney-client privilege.

CIC further argues that to the extent the communications are considered privileged, the privilege does not apply due to the "common interest" or "joint defense" doctrine. CIC contends that it has a common interest with Hills in defending the pharmacists against the claims asserted by Geras, and that the attorney-client privilege, while it may prevent disclosure to an adverse party such as Geras, cannot prevent disclosure between the insurers. CIC cites several cases that it contends outline the doctrine, but none are particularly persuasive, and none are binding precedent. CIC cited a single

7

case decided by a district court within the Seventh Circuit. *See Reginald Martin Agency, Inc. v. Conseco Medical Ins. Co.*, 460 F. Supp. 2d 915, 919 (S.D. Ind. 2006). In *Reginald*, the court explained the common interest doctrine in the following way: "Indiana deems communications between clients and agents of the client's attorney and communications between the client's attorney's agents privileged." *Id*. Thus, *Reginald* does not support CIC's argument that the attorney-client privilege does not apply here.

Further, CIC cited the decision of the Supreme Court of Illinois in *Waste Management, Inc. v. International Surplus Lines Insurance Company*, 579 N.E.2d 322 (Ill. 1991). *Waste Management* is distinguishable from the facts presented by CIC. In *Waste Management*, the court compelled disclosure of privileged attorney-client material between two parties to a lawsuit. *See id*. at 329. The parties subject to the court's order to compel were closely aligned in the lawsuit. They were an insurer and its insured, thus in privity of contract, and shared common legal counsel. In ordering disclosure between the parties, the court placed great weight on the fact that they shared common counsel and that "the communication by insureds with defense counsel is of a kind reasonably calculated to protect or to further [the parties'] common interests." *Id*. at 328. Further, the court found that "counsel for insured did represent both insured and insurers in both of the underlying litigations since insurers were ultimately liable for payment if the plaintiffs in the underlying action received either a favorable verdict or settlement." *Id*. at 329.

Here, CIC and Hills do not share common counsel or privity of contract. CIC and Hills currently do not even share a basic common interest in minimizing or avoiding liability on the pharmacists' behalf because Hills has denied all claims to date. Further, should Hills be found to have a duty to defend the pharmacists, it will have competing interests with CIC in the manner in which any defense funds are apportioned and the method that any potential liability is divided. CIC's and Hills'

8

lack of common interest is reflected by the existence of this litigation. Thus, the Court finds that the common interest doctrine is not applicable to the facts of this case and does not preclude Hills' assertion of the attorney-client privilege.

Hills' second argument in opposition to CIC's Motion to Compel is that it, on behalf of St. Anthony, paid Geras the maximum amount allowable by a qualified healthcare provider under law for a claim of malpractice. Hills thus argues that it extinguished its obligations under its policy and Geras can only pursue additional money from CIC. The issue of whether Hills relieved itself of further obligations to the pharmacists by paying the maximum amount allowed by statute is an improper argument to oppose CIC's Motion to Compel. The Court finds this argument relevant to the substantive claim filed by CIC in this matter.

Third and finally, Hills argues that communications regarding whether the pharmacists consented to settlement is not a discovery request reasonably calculated to lead to the discovery of admissible evidence. Based on the Court's analysis above, including the parties' joint discovery agreement setting forth relevant topics, it appears that the communications sought by CIC are relevant. In addition, the Court finds that the request for information by CIC is reasonably formulated to lead to discovery of the relevant communications. The Court has already found that certain requested communications fall within information protected by the attorney-client privilege. Thus, any information not protected by the attorney-client privilege, which pertains to whether the pharmacists agreed to the terms of settlement, is at this point discoverable.

## CONCLUSION

In accordance with the reasoning and findings set forth in this Opinion and Order, the Court **GRANTS in part and DENIES in part** the Motion to Compel [DE 24].

SO ORDERED this 1st day of April, 2008.

                                                s/ Paul R. Cherry  
                                                MAGISTRATE JUDGE PAUL R. CHERRY  
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record